## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEAN M. GRAY, SR., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 22-1162-GBW |
| | : |
| CLAIRE DEMATTEIS, et al., | : |
| | : |
| Defendants. | : |

---

Sean M. Gray, Sr., James T. Vaughn Correctional Center, Smyrna, Delaware, Pro
Se Plaintiff.

## <u>MEMORANDUM OPINION</u>

January 17, 2023
Wilmington, Delaware

**WILLIAMS, United States District Judge:**

## I.     INTRODUCTION

Plaintiff Sean M. Gray, Sr., an inmate at James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware.  (D.I. 2).  Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*.  (D.I. 6).  The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II.    BACKGROUND

The following facts are taken from the Complaint and assumed to be true for screening purposes.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).  Gray alleges the following.  On July 26, 2020, there was a physical altercation in his housing unit in JTVCC.  Gray was not involved in the altercation.  Defendant Sgt. Keith Burns ordered all inmates to immediately return to their cells and secure their doors.  However, Defendant Burns "neglected to unlock/release the doors from the command module," and, as a result, the inmates "were unable to fully comply with the command."  (D.I. 2 at 7).  Gray stood next to his assigned cell, unable to enter.  An unknown female corrections officer came into the unit and, "with reckless disregard" for all present, "commenced to discharge a torrent of pepper spray," which went directly into Gray's left eye.  (*Id.* at 8).

Approximately thirty minutes later, Gray had no "central vision" in his left eye. He sought help from Defendant Burns, who told him he would be okay in thirty to forty minutes. Defendant Burns would not request immediate medical assistance. Gray submitted a sick call and was seen by a non-defendant nurse on July 28, 2020.

Gray's complaint details the treatment he received, and did not receive, over the next year and a half, which he asserts constituted deliberate indifference. He does not identify anyone he interacted with regarding his eye injury during this time period. Instead, he lists all named Defendants and states that they, "by and through the various policies in their individual and collecti[ve] efforts failed, refused and neglected to get me timely medical treatment which resulted in permanent damage to my left eye violating the 8th Amendment to the U.S. Constitution." (*Id.* at 9).

## III.   SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28

2

U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (civil actions filed by prisoners seeking redress from governmental entities or government officers and employees). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to

3

amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014) (per curiam). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

4

A defendant in a civil rights action "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved"; personal involvement in the alleged wrong is required. *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007); *see also Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that liability in a § 1983 action must be based on personal involvement, not respondeat superior). Such involvement may be "shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). "Allegations of participation and acquiescence . . . must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016).

With the exception of Defendant Burns, the Complaint contains no allegations directed at any of the Defendants that are pleaded with particularity. Gray's blanket statement about all of Defendants' alleged conduct is insufficient to constitute allegations of personal involvement for purposes of a § 1983 claim. Accordingly, these Defendants will be dismissed from this action for failure to state a claim, pursuant 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). The dismissals will be without prejudice. *See O'Dell v. United States Gov't*, 256 F. App'x 444, 445 (3d Cir. 2007) (unpublished) (leave to amend is proper where the

5

plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

## IV.    CONCLUSION

For the above reasons, the Court will: (1) dismiss Defendants DeMatteis, Erskins, Records, Holsten-Jones, Akinbayo, Kaur, Ngwa, Kandash, and May, and the claims against them, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1); and (2) allow Gray to proceed against Defendant Burns.

An appropriate order will be entered.